# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

DANNIE HERBERT HAYES      PLAINTIFF

V.      NO. 4:09CV058-P-A

LAWRENCE KELLY, et al.      DEFENDANTS

## MEMORANDUM OPINION

The court, *sua sponte*, takes up the dismissal of the Plaintiff's case filed under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, complains that he has been denied medical treatment for back injury. Specifically, the Plaintiff states that he originally injured his back prior to entering the penal system. Also before he was incarcerated, the Plaintiff avers that he had surgery to correct the back injury. On September 13, 2008, while incarcerated, the Plaintiff fell and believes he "reinjured" his back. Contrary to his assertion that he has been denied medical attention, the Plaintiff admits he was taken to the hospital for x-rays on October 13, 2008. According to medical staff, the x-rays showed no injury. The Plaintiff was, nevertheless, given a shot. Since this treatment, the Plaintiff contends he has received only pain medication which is corroborated by the responses to the Plaintiff's grievance. For relief the Plaintiff is asking that the court for early medical release from incarceration or alternatively, order MDOC to arrange for treatment including surgery by a neurosurgeon.

### Denial of Adequate Medical Treatment

In order to prevail on an Eighth Amendment claim for denial or delay of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-

105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L. Ed. 2d 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L. Ed. 2d 677 (1986). Similarly, "unsuccessful medical treatment" or even "medical malpractice" do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Based on the facts of this case as presented by the Plaintiff, it is clear that he has not been denied medical care. The Plaintiff admits that he has been seen and treated by MDOC medical staff and on at least one occasion transported to a hospital where he received x-rays which showed no injury. Despite his allegations, the Plaintiff cannot show that the Defendants were deliberately indifferent to a substantial risk of serious harm. Although the Plaintiff is obviously dissatisfied with the treatment he received, the allegations in this case simply do not support a claim for 1983 relief. A 1983 claim will not lie because the Plaintiff disagrees with the course, method and timing of medical treatment. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (disagreement with the type or timing of medical services provided cannot support a 1983 claim); *see also Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Therefore, the Plaintiff's claim of denial of medical attention related to his back injury is plainly without merit and shall be summarily dismissed.

A final judgment shall issue in accordance with this opinion.

THIS the 2nd day of September, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE